THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DALE KNAPINSKI,<br><br>    Defendant. | CASE NO. CR19-0239-JCC<br><br>ORDER |

This matter comes before the Court on the Government's motion for entry of a preliminary order of forfeiture (Dkt. No. 34). The Government seeks forfeiture of Defendant Dale Knapinski's interest in the following property:

1. One Dell Studio XPS computer (Service Tag: JLKJLM1) seized from Defendant DALE KNAPINSKI on or about July 9, 2019; and

2. Any and all images of child pornography, in whatever format and however stored.

Having thoroughly reviewed the Government's motion and the relevant record, the Court FINDS that entry of a preliminary order of forfeiture is appropriate because:

- The above-identified property is forfeitable pursuant to 18 U.S.C. § 2253(a), as it is comprised of prohibited images or property used to commit or to promote commission of the offense of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2); and,

- Pursuant to the Plea Agreement he entered on January 20, 2021, Defendant agreed to forfeit the above-identified property, which is subject to forfeiture pursuant to 18 U.S.C. § 2253(a). (Dkt. No. 29 at 10.)

Accordingly, the Court ORDERS that:

1) Pursuant to his plea agreement and 18 U.S.C. § 2253(a), Defendant's interest in the above-identified property is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A)–(B), this preliminary order will be final as to Defendant at the time he is sentenced, will be made part of the sentence, and will be included in the judgment;

3) The United States Department of Justice, and/or its authorized agents or representatives at the Federal Bureau of Investigation ("FBI"), shall maintain the electronic equipment in its custody and control until further order of this Court. The FBI shall destroy any images unless they have been destroyed already or will be retained for official, investigative use, as permitted by 21 U.S.C. §§853(i) and 881(e);

4) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this preliminary order and its intent to dispose of the property as permitted by governing law. The notice shall be posted on an official government website—currently www.forfeiture.gov—for at least thirty (30) days. For any person known to have alleged an interest in the above-listed property, the United States shall, to the extent possible, also provide direct written notice to that person. The notice shall state that any person, other than Defendant, who has or claims a legal interest in the above-listed electronics must file a petition with the Court within 60 days of the first day of publication of the notice (which is 30 days from the last day of publication), or within 30 days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

//

    a.    shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in such property;

    b.    shall be signed by the petitioner under penalty of perjury; and,

    c.    shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5) If no third-party petition is filed within the allowable time period, the United States shall have clear title to the electronics, and this preliminary order shall become the final order of forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2);

6) If a third-party petition is filed, if necessary, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a final order of forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7) The Court will retain jurisdiction for the purpose of enforcing this preliminary order, adjudicating any third-party petitions, entering a final order of forfeiture, and amending the preliminary order or final order as necessary under Federal Rule of Criminal Procedure 32.2(e).

DATED this 5th day of April 2021.

*/s/ John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE