THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-0239-JCC |
| Plaintiff, | ORDER |
| v. | |
| DALE KNAPINSKI, | |
| Defendant. | |

This matter comes before the Court on Defendant's ("Mr. Knapinski") motion for early termination of supervised release (Dkt. No. 60) and related motion to seal certain exhibits (Dkt. No. 61). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for early termination (Dkt. No. 60) and GRANTS the motion to seal (Dkt. No. 61) for the reasons explained herein.

I.  **BACKGROUND**

In early 2021, Mr. Knapinski pled guilty to possession of child pornography under 18 U.S.C. § 2252(a)(4)(B), (b)(2). (*See* Dkt. Nos. 29, 31.) Using the United States Sentencing Guidelines Manual, Probation calculated the final sentencing range for Mr. Knapinski's offense to be a term of 37 to 46 months. (*See* Dkt. No. 37 at 1.) Nevertheless, Probation recommended a

sentence of 12 months and one day, followed by 10 years of supervised release.[1] (*See id.*) The Court agreed, sentencing Mr. Knapinski to one year and one day of imprisonment and 10 years of supervision upon release. (*See* Dkt. No. 46 at 2–3.) Supervised release commenced in April 2022. (*See* Dkt. No. 62 at 2.)

Mr. Knapinski now seeks early termination or, in the alternative, a reduction in the term of supervised release to five years and removal of all special conditions. (*See* Dkt. No. 60 at 1.) Probation and the Government oppose each request. (*See generally* Dkt. Nos. 71, 72.)

## II.     DISCUSSION

### A.     Motion for Early Termination

The Court may terminate a defendant's period of supervised release any time after one year of supervision "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, the kind of sentence and sentencing range established by the Sentencing Commission, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *see also United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014). Notably, a defendant is not required to demonstrate "undue hardship," *id.* at 819, or "exceptional behavior," *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). However, "[m]ere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination." *United States v. Grossi*, 2011 WL 704364, slip op. at 2 (N.D. Cal. 2011).

---

[1] Of note, Mr. Knapinski's offense requires a minimum five-year term of supervised release. *See* 18 U.S.C. § 3583(k) (requiring a minimum five-year term of supervised release for any offense under 18 U.S.C. § 2252).

As a threshold matter, the Court cannot terminate supervision at this time because the relevant statute requires a minimum five-year term of supervised release for Mr. Knapinski's offense, and Mr. Knapinski has served less than two and a half years to date. *See* 18 U.S.C. § 3583(k); (*see also* Dkt. No. 62 at 2) (noting that supervision commenced in April 2022). The Court also cannot reduce the term of Mr. Knapinski's supervision because the statute does not confer such authority upon district courts. *See* 18 U.S.C. § 3583(e)(1)–(3) (allowing a district court to terminate, extend, or revoke—but not reduce—a term of supervised release).

Even if the Court did have authority to terminate Mr. Knapinski's supervision, it would still find, after careful consideration of all 18 U.S.C. § 3583(e) factors, that early termination is not warranted. For the same reasons, the Court also declines to remove all special conditions to Mr. Knapinski's supervised release. To be sure, the Court is aware of the mitigating factors in Mr. Knapinski's history and characteristics. (*See* Dkt. No. 36 at 7–10.) But this is not new information—the Court considered it in imposing the sentence now at issue. (*See id.*) The Court also commends Mr. Knapinski for his complete compliance while on supervision, (*see* Dkt. No. 71 at 2), and further acknowledges the hardship that supervised release places on Mr. Knapinski and his loved ones, (*see* Dkt. Nos. 68, 69). Nevertheless, complete compliance is to be expected. *See Grossi*, 2011 WL 704364, slip op. at 2. It does not neutralize the serious nature and circumstances of the offense, the need to deter criminal conduct and protect the public from further crimes, the relevant guideline sentencing range for the offense and the sentence the Court ultimately imposed, and the need to avoid disparity among similarly situated defendants—all of which weigh against Mr. Knapinski's request for leniency. *See* 18 U.S.C. § 3553(a).

Indeed, in pleading guilty to possession of child pornography, Mr. Knapinski admitted to possession of approximately 280 images or videos of minors engaged in sexually explicit conduct—including visual depictions of prepubescent minors who had not yet attained 12 years of age. (*See* Dkt. No. 29 at 6–7.) This offense carries with it a maximum term of up to 20 years' imprisonment. (*See* Dkt. No. 29 at 2.) Moreover, while it requires a minimum five-year term of

supervised release, see 18 U.S.C. § 3583(k), it also allows a Court to impose up to a lifetime term, (see Dkt. No. 29 at 2). Here, the Court only sentenced Mr. Knapinski to imprisonment for one year and one day, followed by a 10-year term of supervised release. (*See* Dkt. No. 46 at 2–3.) In other words, the Court's custodial sentence was already a significant downward departure from the guideline range of 37 to 46 months (that is, three to four years).[2] (*See id*.) In turn, the Court's imposition of a 10-year period of supervised release, while still lenient, was intended to provide the requisite deterrence for the offense.

Further leniency would contravene the deterrence value of the Court's overall sentence—both for Mr. Knapinski and for offenders writ large. Furthermore, because Mr. Knapinski is still at a low to moderate risk to reoffend given the composition of his social network, (*see* Dkt. No. 71 at 1), the need to protect the public from crimes also weighs in favor of continued supervision. Lastly, early termination or any modifications at this stage would likely contribute to disparity among similarly situated defendants.

Accordingly, the Court DENIES Mr. Knapinski's motion for early termination or, in the alternative, a reduction in the term of his supervised release (Dkt. No. 60). For the same reasons, the Court further declines to modify the conditions of Mr. Knapinski's supervised release or terminate them carte blanche. However, the Court encourages Mr. Knapinski to discuss modification of conditions with Probation on a case-by-case basis, per the Government's concession. (*See* Dkt. No. 72 at 3.)

### B.    Motion to Seal

Mr. Knapinski seeks to file Exhibits B and C to his motion under seal "because these exhibits contain information that should not be made available to the public." (*See* Dkt. No. 61 at

---

[2] Moreover, the final guideline range of 37 to 46 months incorporated the 3-level downward variance Defendant received for submitting to a psychosexual evaluation and polygraph. (*See* Dkt. No. 37 at 1.) Defendant's original guideline range, without the downward variance, would have been 51 to 63 months, or around four to five years. (*See id*.)

1.) The Government does not oppose. (*See id*.)

The First Amendment protects the public's right of access to criminal trials. *See, e.g., Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). The public also has a common law right to inspect and copy public records, including those from judicial proceedings. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). But these rights are not absolute. They must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017).

The Court has reviewed the documents at issue and finds that sealing them would serve a compelling interest in protecting Mr. Knapinski's private medical information. In fact, the exhibits Mr. Knapinski seeks to seal are specifically contemplated under the Local Criminal Rules. *See* CrR 49.1(d)(6) (authorizing sealing of "psychological or psychiatric reports"). Accordingly, the Court GRANTS Mr. Knapinski's motion to seal (Dkt. No. 61).

### III.    CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Knapinski's motion for early termination of supervised release (Dkt. No. 60) and GRANTS his motion to seal (Dkt. No. 61). The Clerk is DIRECTED to maintain Docket Numbers 68 and 69 under seal.

DATED this 19th day of September 2024

*/s/ John C. Coughenour*

John C. Coughenour
UNITED STATES DISTRICT JUDGE